

# Fourth Court of Appeals
## San Antonio, Texas

July 29, 2014

No. 04-14-00387-CV

Comfort D. **ROBERTS**,
Appellant

v.

**BEST & SPRUILL**, Allison Spruill, Delta Best, Daryl Quijano, and Kenneth Welch,
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-03206
Honorable Janet P. Littlejohn, Judge Presiding

# O R D E R

Appellant Comfort D. Roberts filed suit against River City Care Center, Lloyd Douglas Enterprises, Lloyd Douglas, Steve Robinson, Best & Spruill, Allison Spruill, Delta Best, Daryl Quijano, Kenneth Welch, and U.S. Legal Service. On April 4, 2014, Best & Spruill, Allison Spruill, Delta Best, Daryl Quijano, and Kenneth Welch filed a joint motion to dismiss, claiming appellant's suit was frivolous and file solely for the purpose of harassment. *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code Ann. § 10.001, et seq. On April 6, 2014, appellant filed a notice of nonsuit as to his "entire case."

On April 10, 2014, the trial court granted the motion to dismiss filed by Best & Spruill, Allison Spruill, Delta Best, Daryl Quijano, and Kenneth Welch. The order does not include any severance language with regard to the remaining defendants or any Mother Hubbard language. Moreover, the clerk's record does contain an order granting the nonsuit or otherwise disposing of appellant's claims against River City Care Center, Lloyd Douglas Enterprises, Inc., Lloyd Douglas, or Steve Robinson. These defendants did not join in the motion to dismiss filed by Best & Spruill, Allison Spruill, Delta Best, Daryl Quijano, and Kenneth Welch, and they are not mentioned in the trial court's April 10, 2014 order of dismissal.

On May 30, 2014, appellant Roberts filed his notice of appeal from the trial court's order of dismissal. He subsequently amended his notice of appeal to include the trial court's denial of his motion to reconsider the dismissal. In the notices of appeal, appellant references the nonsuits, contending the nonsuit precluded the order of dismissal.

In *Park Place Hosp. v. Estate of Milo*, the supreme court held the appellate timetables were not triggered until a signed, written order was rendered dismissing a non-suited defendant. 909 S.W.2d 508, 510 (Tex. 1995). As noted above, no order granting the nonsuit or dismissing all of the nonsuited defendants was signed, and the trial court's order of dismissal did not contain a Mother Hubbard clause or other finality language. ***Until the trial court renders an order of dismissal or a severance as to all of the nonsuited defendants, there is no final and appealable judgment***. *See id.*

Although Roberts nonsuited all of the defendants, it appears the trial court never entered an order granting the nonsuit, an order of dismissal, or order of severance as to defendants River City Care Center, Lloyd Douglas Enterprises, Inc., Lloyd Douglas, or Steve Robinson. Thus, it appears there is no final and appealable judgment in this matter. *See id.*

Accordingly, we order appellant to show cause in writing on or before August 8, 2014, why this case should not be dismissed for want of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c). If a supplemental clerk's record is required to establish our jurisdiction, appellant must ask the District Clerk to prepare one and must notify the clerk of this court in writing that such a request was made. All deadlines in this matter are suspended until further order of the court.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of July, 2014.

_____
Keith E. Hottle
Clerk of Court